[993 NYS2d 152]

In the Matter of STANLEY J. KALATHARA (Admitted as STANLEY JOSEPH KALATHARA), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 1, 2014

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for petitioner.

*Stanley J. Kalathara*, Jackson Heights, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition, dated May 6, 2013, containing two charges of professional misconduct. After a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court may deem just and proper. The respondent cross-moves to disaffirm the Special Referee's report, arguing, inter alia, that the Special Referee was biased, and that the Grievance Committee failed to conduct a proper investigation.

Charge one alleges that the respondent failed to safeguard client funds, and therefore engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rules 1.15 (a) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent represented Stephen O'Donnell, the seller of real property located at 132 East Carmans Road, Farmingdale, New York. Pursuant to the contract of sale dated May 20, 2010, the respondent was entrusted with a $10,000 down payment, to be held in escrow, pending closing of title or cancellation of the contract. On May 25, 2010, the respondent deposited the down payment into his escrow account at HSBC Bank, entitled "Stanley Kalathara Attorney Special-IOLA Account." In or about June 2011, the contract of sale expired by its terms, and a notice of cancellation was sent to the respondent by the purchaser's attorney, Louis L. Martins. On or about February 6, 2012, the respondent issued a check in the sum of $10,000 to Mr. Martins, representing the return of the down payment. However, prior to

February 6, 2012, the balance in the respondent's escrow account fell below $10,000 on 16 occasions.

Charge two alleges that the respondent failed to maintain proper bookkeeping records, and therefore engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rules 1.15 (d) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent failed to keep a ledger or similar record showing the source of all funds deposited in his escrow account, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed. Additionally, the respondent failed to keep copies of his bank statements.

When confronted with the documentary evidence at the hearing, the respondent admitted that he failed to maintain, intact, the funds he was required to hold in escrow for Mr. Martins's client during the relevant period. Additionally, he conceded that he did not keep an accurate ledger, was not reviewing monthly bank statements, and was not receiving copies of cancelled checks. The respondent further testified that the shortfalls in his escrow account occurred when his secretary, and members of her family, misappropriated approximately $90,000 in client funds through the forgery of checks and the unauthorized use of online payments and transfers. The respondent testified that he played no part in the thefts, and had since recovered "99.9 percent" of the misappropriated funds, in part by garnishing his secretary's wages.

In view of the respondent's admissions, and the additional evidence adduced at the hearing, we conclude that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted, and the respondent's cross motion to disaffirm the Special Referee's report is denied.

In determining an appropriate measure of discipline to impose, we note that whether, and to what extent, attorneys are subject to discipline for defalcations occasioned by someone under their supervision depends on a number of factors, as follows:

"(1) the subject attorney's partnership status and/or level of experience; (2) the presence (or absence) of 'early warning signs' of financial improprieties, whether such signs were ignored and, if so, for how

long; (3) whether the proper authorities were notified of defalcations upon their discovery; (4) the presence (or absence) of monetary loss to clients and the magnitude thereof; and (5) whether the attorney attempted to reimburse client losses caused by another" (*Matter of Galasso*, 105 AD3d 103, 105 [2013]).

The respondent herein is an experienced practitioner. While there were no "early warning signs" of financial improprieties, the lack thereof was wholly attributable to the respondent's failure to maintain appropriate vigilance over his escrow account. Additionally, while the respondent did not participate in his employee's defalcations, and successfully recovered the majority of his clients's funds, he failed to refer his employee to the proper authorities. The respondent cooperated with the Grievance Committee's investigation, and has taken remedial measures to safeguard his account, and to prevent future escrow violations. Although the respondent presented no evidence of his general reputation or good character, we note that his disciplinary record is unblemished.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

MASTRO, J.P., RIVERA, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the Special Referee's report is denied; and it is further,

Ordered that the respondent, Stanley J. Kalathara, admitted as Stanley Joseph Kalathara, is suspended from the practice of law for a period of one year, commencing November 1, 2014, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 1, 2015. In such application, the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, Stanley J. Kalathara, admitted as Stanley Joseph Kalathara, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Stanley J. Kalathara, admitted as Stanley Joseph Kalathara, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).