Matter of Kalathara (2018 NY Slip Op 08483)





Matter of Kalathara


2018 NY Slip Op 08483


Decided on December 12, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SANDRA L. SGROI, JJ.


2018-05302

[*1]In the Matter of Stanley J. Kalathara, admitted as Stanley Joseph Kalathara, an attorney and counselor-at-law, respondent. (Attorney Registration No. 2901023)



APPLICATION pursuant to 22 NYCRR 1240.10 by Stanley J. Kalathara, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 20, 1998, under the name Stanley Joseph Kalathara, to resign as an attorney and counselor-at-law. The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts commenced a disciplinary proceeding against the respondent, Stanley J. Kalathara, pursuant to 22 NYCRR 1240.8 by serving upon him and filing with the Court a notice of petition dated May 4, 2018, and a verified petition dated April 20, 2018. Motion by the Grievance Committee seeking, inter alia, an order pursuant to 22 NYCRR 1240.9(a)(5) immediately suspending the respondent from the practice of law pending further order of the Court.



Diana Maxfield Kearse, Brooklyn, NY (Kathryn Donnelly Gur-Arie of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Sarah Diane McShea, New York, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Stanley J. Kalathara, has submitted an affidavit sworn to on September 7, 2018, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that by opinion and order of this Court dated October 1, 2014, he was suspended from the practice of law for a period of one year for failing to safeguard funds in his escrow account and failing to maintain proper escrow account records (see Matter of Kalathara, 123 AD3d 81). The respondent was reinstated as an attorney and counselor-at-law by decision and order on motion of this Court dated February 3, 2016.
The respondent acknowledges in his affidavit that he is the subject of disciplinary charges pending before this Court, as set forth in the verified petition dated April 20, 2018, which include at least the following acts of professional misconduct: failing to maintain a sufficient balance in his attorney escrow account of client and third-party funds entrusted to him as a fiduciary, incident to the practice of law; failing to maintain required bookkeeping records for his escrow account; failing to close his escrow account during the period of his suspension and depositing into that account fees received from clients for work performed prior to his suspension; failing to ensure that his office was completely closed during the period of his suspension and that there was no misuse of his office, his name, or his files by any former employee; submitting documents to the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts without assuring that they were completely accurate copies of the documents in his files; failing to comply with a judgment directing him to return a $58,500 down payment to Joseph Bercham, which the respondent had [*2]deposited into his escrow account on April 25, 2006, as attorney for the seller of a parcel of real property; and submitting to the Grievance Committee a May 2011 bank statement for his escrow account which had been altered from the original statement. The respondent avers that he cannot successfully defend himself against the charges and allegations based upon the facts and circumstances of his professional conduct.
The respondent also avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution to Joseph Bercham in the amount of $58,500, and that he reimburse the Lawyers' Fund for Client Protection of the State of New York (hereinafter the Lawyers' Fund) for any sum that the Lawyers' Fund awards to any individuals who have filed or may file claims against him. He further acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of this order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. In view thereof, on the Court's own motion, the Grievance Committee's motion seeking to immediately suspend the respondent from the practice of law is denied as academic, and the disciplinary proceeding commenced against the respondent is discontinued as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and SGROI, JJ., concur.
ORDERED that the application of the respondent, Stanley J. Kalathara, admitted as Stanley Joseph Kalathara, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Stanley J. Kalathara, admitted as Stanley Joseph Kalathara, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Stanley J. Kalathara, admitted as Stanley Joseph Kalathara, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Stanley J. Kalathara, admitted as Stanley Joseph Kalathara, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Stanley J. Kalathara, admitted as Stanley Joseph Kalathara, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any award made to Joseph Bercham; and it is further,
ORDERED that in the event that no award has been made by the Lawyers' Fund for Client Protection of the State of New York to Joseph Bercham, the respondent, Stanley J. Kalathara, admitted as Stanley Joseph Kalathara, shall make monetary restitution to Joseph Bercham, in the amount of $58,500, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that a partial award has been made by the Lawyers' Fund for Client Protection of the State of New York to Joseph Bercham, the respondent, Stanley J. Kalathara, admitted as Stanley Joseph Kalathara, shall make partial monetary restitution to Joseph Bercham to the extent that he has not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection when it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, Stanley J. Kalathara, admitted as Stanley Joseph Kalathara, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that, on the Court's own motion, the Grievance Committee's motion pursuant to 22 NYCRR 1240.9(a)(5) to immediately suspend the respondent from the practice of law pending further order of this Court is denied as academic, and the disciplinary proceeding commenced against the respondent is discontinued as academic.
ENTER:
Aprilanne Agostino
Clerk of the Court